UNITED STATES *v*. BLUMENTHAL & CO. (No. 2609)[1]

CONSTRUCTION, PARAGRAPH 218, TARIFF ACT OF 1922—GLASS OR PASTE BLOWN
OR COLORED—AIDED BY LEGISLATIVE HISTORY—MILLINERY ORNAMENTS
OF CUT BLACK PASTE.

Paragraph 218, Tariff Act of 1922, provides for "all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut * * *." This provision is not limited to blown or partly blown articles. The legislative history of this paragraph shows that, at the suggestion of the Tariff Commission, the Senate inserted the word "or" before the word "colored" for this purpose. Consequently millinery ornaments in chief value of cut black paste are classifiable under this provision rather than as paste articles under paragraph 230.

United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, G. A. 8957 (T. D. 40749)

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.
*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellees.

[Oral argument October 28, 1925, by Mr. Hoppin and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Millinery ornaments of metal and paste and in chief value of cut black paste were classified by the collector of customs at the port of New York as articles in chief value of glass or paste, cut or colored. The ornaments were accordingly assessed for duty at 55 per centum ad valorem under that part of paragraph 218 of the Tariff Act of 1922, which reads as follows:

PAR. 218. * * * table and kitchen articles and utensils, and all *articles of every description not* specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or *colored, cut,* * * * or decorated or ornamented in any manner, * * * 55 per centum ad valorem; * * * (Italics not quoted.)

The importers protested that the merchandise was dutiable at lower rates of duty under various paragraphs of the act, but really relied on the claim that the goods were manufactures of paste and therefore dutiable under that part of paragraph 230, which reads as follows:

PAR. 230. * * * all glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not specially provided for, 50 per centum ad valorem.

[1] T. D. 41325

The board held that no articles of glass or paste were subject to the duty of 55 per centum ad valorem prescribed by that part of paragraph 218, hereinbefore quoted, unless such articles were composed wholly or in chief value of glass or paste or combinations of glass or paste, *blown or partly blown*. As the millinery ornaments were not made of blown or partly blown glass or paste, the board adjudged that they were not dutiable as assessed and sustained the protest. From that judgment the Government appealed.

We can not agree with the conclusion reached by the board. The provision under which the goods were assessed provides not only for articles of glass or paste, blown or partly blown, but also for articles of glass or paste colored, cut, engraved, etched, etc. That Congress intended to subject all glass or paste articles to a duty of 55 per centum ad valorem, if the glass or paste thereof was processed in any of the ways specified in the provision, is manifest from the history of the legislation.

Paragraph 218, as originally drafted and as reported by the Ways and Means Committee and passed by the House, was, in so far as pertinent to this discussion, as follows:

PAR. 218. Bottles, and all articles of every description, composed wholly or in chief value of glass or paste, blown or partly blown in the mold or otherwise, colored, cut, engraved  *  *  *  etc.

The United States Tariff Commission called the attention of the Finance Committee of the Senate to the fact that the House bill was defective and suggested that the word "or" should be inserted before the word "colored," which change the commission asserted would make the provision applicable to blown or partly blown glassware, whether or not colored, etc., and also to glassware colored, etc., whether or not blown or partly blown. Summary of Tariff Information, 1921, p. 313. The Finance Committee of the Senate rewrote paragraph 218 and inserted the word "or," as suggested by the Tariff Commission. As rewritten by the Finance Committee paragraph 218 was passed by the Senate, and after approval in conference was finally adopted by both houses.

The insertion of the word "or" before the word "colored" by both houses permits of but one conclusion, and that is that Congress deliberately intended that there should be subjected to a duty of 55 per centum ad valorem not only all articles composed wholly or in chief value of glass or paste, blown or partly blown, but also all other articles wholly or in chief value of glass or paste if the glass or paste thereof was cut, colored, or otherwise processed as specified in the fourth provision of paragraph 218. If there had been any legislative intention to limit that provision to articles wholly or in chief value of glass, blown or partly blown, that result could have been accomplished by simply providing for articles composed wholly or in chief

value of glass or paste, blown or partly blown. On the other hand, if the provision was intended to reach articles of blown or partly blown glass when colored, cut or otherwise processed, the House bill was effective for that purpose and should have been passed by the Senate without amendment.

We are of the opinion that the provision under which the millinery ornaments were classified by the collector is not limited to articles of glass or paste, blown or partly blown glass, and that its language is broad enough to cover and that it does cover articles of glass or paste, either colored, cut, engraved, etched, frosted, gilded, or subjected to any of the other manufacturing processes contemplated by the statute here involved.

The judgment of the Board of General Appraisers is *reversed.*