INTERNATIONAL CLEARING HOUSE OF NEW YORK, INC. *v.* UNITED STATES [1]

[1] C. D. 34.

125

## United States Customs Court, Third Division

(Decided September 28, 1938)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Joseph R. Jackson*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: In this suit against the United States the plaintiff claims that the collector of customs at the port of Philadelphia assessed duty erroneously at the rate of 60 per centum ad valorem under paragraph 218 (f) of the Tariff Act of 1930 on one glass panel invoiced as "1 Original engraved glass panel (second replica)." It is claimed in the protest that the article is free of duty under paragraph 1807, or, if dutiable, that it is dutiable at 20 per centum ad valorem under paragraph 1547 (a) or 1547 (b), or at 50 per centum ad valorem under paragraph 230 (d). The last claim was not pressed at the trial and will be disregarded. The pertinent parts of the provisions in question read as follows:

PAR. 218. (f) Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 60 per centum ad valorem.

PAR. 1807. Original * * * engravings * * *, including not more than two replicas or reproductions of the same * * * and the words "etchings," "engravings," and "woodcuts" as used in this paragraph shall be understood to include only such as are printed by hand from plates or blocks etched or engraved with hand tools and not such as are printed from plates or blocks etched or engraved by photochemical or other mechanical processes.

PAR. 1547. (a) Works of art, including (1) paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same, (2) statuary, sculptures, or copies, replicas, or reproductions thereof, valued at not less than $2.50, and (3) etchings and engravings, all the foregoing, not specially provided for, 20 per centum ad valorem.

(b) Paintings in oil, mineral, water, or other colors, pastels, and drawings and sketches in pen and ink, pencil, or water color, any of the foregoing (whether or not works of art) suitable as designs for use in the manufacture of textiles, floor coverings, wall paper, or wall coverings, 20 per centum ad valorem.

The glass panel was not introduced in evidence, although the judge presiding at the trial in Philadelphia examined the article in the importer's place of business. The panel is described as seven feet

in width and twelve feet in length. It is located at the foot of the grand staircase in the men's store of John Wanamaker in Philadelphia. As installed, the panel is illuminated from the rear. A photograph of the article was introduced in evidence and marked "Exhibit 2" and another photographic print was marked "Exhibit 3." The latter exhibit has the appearance of being a photograph of the design, rather than the glass panel. It contains the inscription "R. Lalique, Paris, 1932" across the leg in the figure of the man in the design which does not appear on Exhibit 2. It appears from these exhibits that a figure of a man leaning against a tree covers the surface of the glass panel.

The plaintiff introduced, as "Exhibit 1," the testimony of Rene Lalique taken by deposition before the United States vice consul at Paris, France. It appears from this exhibit that the witness has been a decorator and glassmaker in France since 1910; that prior to 1900 he learned the trade for making jewelry and little by little he began to make his own models and to compose his own designs and finally began to make glass articles; that he designed and produced the glass panel here under consideration; that the article is a second original made to replace a panel that was broken; that the design was his own conception; that first he made a small design and later enlarged the drawing to the right size; that he then transferred the sketch to the glass panel by placing the design beneath the glass and tracing the figures on the glass in a particular kind of varnish; that the panel was then taken to a sand-blasting workshop where the glass portion not covered by the varnish was engraved or "eaten out" by a sand-blasting process, leaving the figures, covered by the varnish, in relief; that the panel was then returned to him and he removed the varnish and touched up certain parts to make a soft surface; that the panel is not an article of utility; and that "it is purely and simply a large design, an engraving on glass, an object of art just as an oil painting or a water-color or an etching is."

Counsel for defendant filed a memorandum of objections to certain parts of the answers of the witness. Objections 1, 3, 5, and 6, as to parts of the answers to direct interrogatories 4, 15, 19, and 25, are sustained and objections 2, 4, and 7, as to parts of the answers in direct interrogatories 11, 16, and 33 are overruled, exceptions being granted to the respective parties.

At the trial in Philadelphia, the plaintiff called Howard L. Kratz who has been director of the Administration Arts and Decoration Department of the Philadelphia store of John Wanamaker for twenty-five years. He testified that the glass panel here involved is used in the Philadelphia store of John Wanamaker exclusively for decorative purposes and is an inspirational piece; that he ordered the panel from Rene Lalique; that it is an original; that another panel was

received previously but was broken and the new panel was an entirely different conception from the one originally received; that Rene Lalique is "one of the world's foremost as an artificer in glass"; that he had made studies along the line of works of art, had visited galleries, and had been coached by curators; and that he regards the glass panel here involved as within the category of works of fine arts, giving as his reasons that "it is a thing of beauty that is to be enjoyed by people who have an opportunity to view it."

Henri Marceau, assistant director in the Pennsylvania Museum of Art and curator of the Johnson Collection, was next called as a witness by the plaintiff. Counsel for the defendant admitted his qualifications to testify as an expert. The witness stated that he had carefully examined the glass panel here involved and described it as follows:

> It is an engraved panel made of glass, on which the design is etched into the surface of the glass, leaving the general surface of the glass panel even and smooth, but the design being brought out by virtue of the engraving and engraving process.

He testified further that he was familiar with the works of Rene Lalique; that he had seen his works at the Exposition of Decorative Arts in Paris, in the Louvre Museum of Decorative Art, in the Metropolitan Museum, and in various other museums in this country; that he considered the panel herein involved to be a work of the fine arts, giving the following reasons:

> Because it is the work of a distinguished artist who has won international recognition; because it is a work of the creative arts, in the sense that it is a creation originating with that artist; and because of its own intrinsic beauty.

He testified further that the panel is of the character or quality suitable for exhibition in any museum; that the fact that this panel was sand-blasted would not change his opinion as to whether or not it is a work of the free fine arts; that bronzes are the result of a founding process and the method of production has nothing to do with it; that glass objects have been accepted in the museums as works of the free fine arts; that glass is one of the materials used in the production of works of the free fine arts; that fine arts are used for decorating purposes; that the panel here in question is an engraving; and that the process of making the panel was the same as that used in making cameos, except that the glass in the panel was excavated with sand whereas the material in a cameo is excavated by a metal object.

Counsel for the plaintiff, in his brief, relies solely on the claim that the merchandise is dutiable at 20 per centum ad valorem under paragraph 1547 (a), noting that the provision for "etchings" and "engravings" in paragraph 1807 is limited to such articles which are printed by hand from plates or blocks or etched or engraved with hand tools

and that the article herein involved could not be classified under that paragraph because the actual engraving was performed by the use of a sand-blasting machine.

In urging that the record establishes that the imported glass panel is dutiable under paragraph 1547 (a) rather than under paragraph 218 (f), counsel for the plaintiff argues that the uncontradicted testimony is to the effect that the article is an engraving and is a work of the free fine arts and that it has no utilitarian purpose as it is exhibited in the plaintiff's place of business purely as an inspirational piece and for decorative purposes. Plaintiff contends that the collector's classification, although presumed to be correct, cannot be regarded as having evidentiary value and cannot be weighed against the evidence produced at the trial, citing *Marshall Field & Co.* v. *United States,* 20 C. C. P. A. 225, T. D. 46037, *Morse Bros.* v. *United States,* 13 Ct. Cust. Appls. 553, T. D. 41432, *United States* v. *Marshall Field & Co.,* 18 C. C. P. A. 469, T. D. 44761, *United States* v. *Wanamaker,* 14 Ct. Cust. Appls. 285, T. D. 41888, and *Klipstein* v. *United States,* 1 Ct. Cust. Appls. 122, T. D. 31120. In other words, plaintiff argues that the evidence of record makes out a *prima facie* case sufficient to place upon the Government the burden of rebutting and overcoming the showing made by the importer.

The defendant argues that the imported article is properly dutiable under paragraph 218 (f) because it is described by the provisions therein as "all articles of every description not specially provided for, composed wholly or in chief value of glass * * * engraved, etched * * * sand-blasted * * * or decorated or ornamented in any manner," which provision is claimed to offer no doubts or uncertainties as to the articles to be classified thereunder. The same argument might be made in respect to any works of art composed of materials other than glass, for there are provisions in the tariff act for articles composed of metal, of marble, of paper, or of any other material of which works of art are made. If we were to adopt this argument, the provision for "works of art" could be given no application.

We are of opinion that the provisions of paragraph 218 (f) are broad and not specific and would not govern the classification of articles provided for elsewhere in the act. The use of the words "not specially provided for" shows that an all-inclusive provision was not intended. In the case of *United States* v. *McLaughlin & Freeman,* 20 C. C. P. A. 263, T. D. 46059, the court held that photographs on glass plates were dutiable under the provision for "photographs" in paragraph 1310 of the Tariff Act of 1922 rather than under the provisions of paragraph 218 which are practically identical with the provisions under which the merchandise was classified by the collector in this case.

The defendant cites the case of *Alexander & Oviatt* v. *United States*, 21 C. C. P. A. 97, T. D. 46410, and claims that it is controlling here. In that case the court affirmed the decision below holding that certain glass articles produced by the same artist who produced the panel in this case, Rene Lalique, were not within the provision for "works of art" in paragraph 1449 of the Tariff Act of 1922 because they were found by the trial court to be articles of utility. The appellate court refrained from reaching a different conclusion because the trial court based its finding partly on an inspection of the articles in their position as installed in the importer's store. The court said:

That the clock and chandeliers involved are primarily articles of utility, although highly ornamented and made pleasing to the eye by artistic skill, is, we think, scarcely deniable, and, although there is argument on behalf of the appellants to the effect that the door and window panels are not actually used as doors and windows, but have a strictly ornamental purpose, *we may not overlook the fact that the trial court, after observing them in their respective places in appellant's establishment, reached a different conclusion.* [Italics ours.]

It is clear that the decision in the *Alexander & Oviatt* case, *supra*, is not controlling in the instant case because the decision as to the glass panels in that case rested principally on a finding of use of the articles for utilitarian purposes. Where use is the determining factor, each case must be considered on its own merits.

The defendant cites also the decisions in *United States* v. *Columbo Co.*, 21 C. C. P. A. 177, T. D. 46510, and *Frei Art Glass Co.* v. *United States*, 15 Ct. Cust. Appls. 132, T. D. 42214, wherein the court held that certain mosaic pictures were not classifiable under the provisions for "works of art". In the cases cited the court based its decisions principally on the doctrine of legislative adoption of judicial interpretation, for it was pointed out in the decisions that in all former administrative and judicial rulings on the subject of mosaics, extending back to T. D. 547, mosaic pictures had never been treated as "works of art" in a tariff sense and that the reenactment of the tariff provision for works of art without specially indicating that it was intended to cover mosaics or mosaic pictures would denote an intention to exclude mosaics from that provision. This is shown by the following excerpt from the decision in the *Frei Art Glass Co.* case, *supra:*

If it were a matter of first impression, the court might well conclude that they were works of art in every sense, and as such included within that designation as it appears in paragraph 1449. But we feel we are precluded from so doing by an almost uniform administrative practice of long standing and by a line of well-considered authorities.

The decisions cited by the defendant do not go so far as to hold as a matter of law that no works in which glass is used as a medium can be considered as works of the free fine arts. In fact, one of the exhibits described in the *Frei Art Glass Co.* case, *supra*, consisted of a painting

on glass which the trial court held to be free of duty as an original painting under paragraph 1703 of the Tariff Act of 1922. The correctness of the decision of the trial court as to that exhibit was not raised in the appellate court.

Other cases in which glass has been used in the production of articles held to be works of art are *J. H. Mayo* v. *United States*, T. D. 14925, covering paintings on glass, *H. B. Thomas & Co.* v. *United States*, 45 Treas. Dec. 974, Abstract 47325, covering glass vases, *Miss Effie Seachrest* v. *United States*, 55 Treas. Dec. 1061, Abstract 8156, covering glass vases and a bottle, *Alexander & Oviatt* v. *United States*, 66 Treas. Dec. 501, T. D. 47343, covering glass vases and ornaments, *Prof. Alexander Silverman* v. *United States*, 64 Treas. Dec. 80, T. D. 46532, covering engraved glass vases and paintings on glass vases, and *A. J. Van Dugteren* v. *United States*, 64 Treas. Dec. 800, Abstract 24780, covering engraved glass bowls and a plate imported for exhibition in a museum of art.

In the decision in *A. J. Van Dugteren & Sons* v. *United States*, 69 Treas. Dec. 535, T. D. 48221, cited by defendant, the court did not hold that the engraved glass bowls and vases therein described were not works of the free fine arts because they were made of glass. The decision rested on the showing that the articles were utilitarian glassware produced in commercial quantitites. It was held that they belonged to the class of decorative or industrial arts rather than to the class of free fine arts.

The engraved glass panel herein involved is not produced in quantities. It is an original creation produced from a drawing designed on special order and it is used for decorative purposes in the same manner as a painting, etching, or engraving on paper or other medium. The fact that it is used to decorate the walls of a store rather than the walls of an apartment or museum would not seem to alter the status of the article, for many places of business use paintings or other works of art for decorations. If a picture is the professional production of an artist and is intended solely for ornamental purposes it is a work of art, citing *United States* v. *Perry*, 146 U. S. 71.

We have carefully considered the case of *United States* v. *Mrs. Adelaide Ehrich*, 22 C. C. P. A. 1, T. D. 47019, cited by defendant, but find that it is not controlling herein. The court held that the glass vases the subject of that decision did not respond to the definition of the word "sculpture." The article in this case is not claimed to be a sculpture. We cannot disregard the uncontradicted testimony in this case to the effect that the article herein involved is a work of the free fine arts, merely because a different glass article in another case was held not to be a work of the free fine arts. The glass panel

in this case is within the definition of the word "engraving" as that term is defined in Webster's New International Dictionary, as follows:

> Engraving.—The act or art of producing upon hard material incised or (by extension) raised patterns, characters, lines, and the like, esp. in the surface of metal plates or blocks of wood. Engraving is used for the decoration of the surface itself, as in silver and gold plate, and in niello work  *  *  *.
> Engraving, cut, or print.—These terms are defined in the law to be applied only to pictorial illustrations or works connected with the fine arts, that is to say, to articles sold or exchanged for their artistic value. *U. S. Information Circular on Copyrights.*

We find that the imported panel in this case is an engraving and a work of the free fine arts and we hold that it is dutiable at 20 per centum ad valorem under paragraph 1547 (a) of the Tariff Act of 1930. Judgment to that extent will be entered in favor of the plaintiff.