BEFORE THE FIRST DIVISION, DECEMBER 31, 1952

**No. 57011.**—I. Magnin & Co. and Hoyt, Shepston & Sciaroni *v.* United States, protest 137780–K (San Francisco).

OLIVER, Chief Judge: This case relates to several items of glass that were classified as decorated glass under paragraph 218 (f) of the Tariff Act of 1930 which reads as follows:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sandblasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 60 per centum ad valorem.

Plaintiffs make two claims, alleging that the merchandise is classifiable under either paragraph 218 (f), *supra,* as modified by the trade agreement with the United Kingdom, T. D. 49753, or under said paragraph 218 (f), as modified by the trade agreement with Sweden, T. D. 47785. We quote the paragraphs invoked by plaintiffs.

Paragraph 218 (f), as modified by the trade agreement with the United Kingdom, T. D. 49753:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, if cut or engraved, however provided

for in paragraph 218 (f), Tariff Act of 1930, and valued at not less than $1 each (except articles primarily designed for ornamental purposes, decorated chiefly by engraving and valued at not less than $8 each), 45% ad val.

Paragraph 218 (f), as modified by the trade agreement with Sweden, T. D. 47785:

Articles provided for in paragraph 218 (f) when primarily designed for ornamental purposes, decorated chiefly by engraving and valued at not less than $8 each, 30% ad val.

The parties are in agreement that the pieces of glass under consideration are "valued at over $8 each."

All of the decorated glass in question was used in connection with the construction of importer's new store in San Francisco. Some of these items formed the lower part of showcases with bronze frames and with clear plate glass fitted in the upper part. Other items of the imported merchandise were used in the construction of wrapping desks, the decorated glass in question extending the full length of such desks. The item described on the invoice as "I Column of 4 mirrored sides each of 3 mirrors" was used to enclose a column extending from the floor to the ceiling.

The foregoing facts are established by the testimony of importer's superintendent who described his position as an "expediter," required to watch the construction of his employer's new building and "to make sure that all materials necessary were on the job and were being completed."

Plaintiffs also introduced the testimony of Pierre Elie Conil, an employee of the French manufacturer of the glass in question. This witness' testimony was taken by deposition pursuant to a commission issued by this court. The direct and the cross-interrogatories, and the witness' answers thereto, were read before the trial judge at one of the hearings of this case in San Francisco. At that time, Government counsel objected to some of the answers given by the witness, and the trial judge reserved ruling for the division to make. Defendant's objections were based on the witness' unwillingness to describe the process employed in decorating the glass under consideration. While such testimony is of the greatest importance to support plaintiffs' position, the preference of the witness to withhold essential details of the decorating process is not a sufficient reason to exclude all of his statements, however limited in scope they may be. . Defendant's objections are overruled and an exception is allowed.

The witness, said Pierre Elie Conil, testified that he has been associated with the French manufacturer, Max Ingrand, since 1933, "first employed in the capacity of glass silverer, and thereafter in the capacity of foreman." The glass in question was made and decorated according to drawings and samples supplied by the importer. All are unique pieces. The witness, personally, did all of the decorative work which is performed by a hand process. No machine whatever was used, and "No rolling or other mechanical process was employed." Referring to the method followed in producing the decorations on the glass in question, the witness stated that the process requires the use of compressed air, a sand jet blower, a silvering table, and "a sort of stiletto in the same way as a writer uses his pen or a painter his brush." The witness refused, however, to disclose how the decorative work was actually done because, as he stated, "I may not give any information as to the special process of the work as it is a secret of the Max Ingrand firm." In view of such an attitude by the witness, his characterization of the decorative work as "engraving" is regarded as a mere conclusion, unsupported by essential details, and, therefore, entitled to no consideration in forming the factual phase of the case.

Paragraph 218 (f), *supra*, as originally enacted, embraces two general classes of glass articles: (1) Those blown or partly blown in the mold or otherwise; and

(2) those composed of glass that is colored, cut, engraved, etched, frosted, gilded, or subject to any of the other manufacturing processes contemplated by the statute. *United States* v. *Blumenthal & Co.*, 13 Ct. Cust. Appls. 407, T. D. 41325.

Paragraph 218 (f), as modified by T. D. 49753, *supra*, is limited in scope as it carves out of paragraph 218 (f), as originally enacted, those glass articles, blown or partly blown in the mold or otherwise, and which have been cut or engraved. Thus, a primary requirement for classification thereunder is that the glass articles must be blown or partly blown in the mold or otherwise. Since the record before us is void of any proof to show that the present merchandise was so processed, plaintiffs' claim under paragraph 218 (f), as modified by T. D. 49753, *supra*, can have no merit.

Equally untenable is plaintiffs' claim invoking paragraph 218 (f), as modified by T. D. 47785, *supra*, which is specifically confined to glass articles "primarily designed for ornamental purposes, *decorated chiefly by engraving* and valued at not less than $8 each [italics added]. The omission from plaintiffs' line of proof of any evidence showing how the decoration was applied to the glass in question is fatal toward a favorable consideration of the claim under paragraph 218 (f), as modified by T. D. 47785, *supra*. Merely to name the materials employed, as stated by plaintiffs' witness, Conil, is certainly not an adequate presentation in support of said claim.

Counsel for plaintiffs directs our attention to the decision of this court in *International Clearing House of New York, Inc.* v. *United States*, 1 Cust. Ct. 124, C. D. 34. In that case, the merchandise consisted of what was described as "1 Original engraved glass panel (second replica)." It was assessed for duty under paragraph 218 (f) of the Tariff Act of 1930 and claimed to be free of duty under paragraph 1807 as "Original * * * engravings * * *." The process of producing the panel, employing sand blasting, was described in detail in the record there before the court. In its decision, based on that record, the court held that particular panel to be an engraving and a work of art. It is possible that the articles before us in the present case were produced by a relatively similar process and are engraved, but the record before us does not detail the process employed, and we may not supplement the record by assuming a state of facts which may or may not exist.

On the record before us, plaintiffs have failed to overcome the presumption of correctness attaching to the collector's classification. The claims in the protest are, therefore, overruled and judgment will be rendered accordingly.