S. S. KRESGE CO., ET AL. *v.* UNITED STATES (No. 4962)[1]

---

[1] C. A. D. 707.

United States Court of Customs and Patent Appeals, May 22, 1959

*Sharretts, Paley & Carter, Richard F. Weeks* (*Howard C. Carter* of counsel) for appellant.

*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney, of counsel), for the United States.

Before WORLEY, Acting Chief Judge, and RICH, and MARTIN, Associate Judges

MARTIN, Judge, delivered the opinion of the court:

This appeal is from a judgment of the United States Customs Court, First Division, C.D. 1974, overruling appellant's protest and sustaining the collector's classification of certain polystyrene paperweights. ▮ The merchandise was classified by similitude in use, under the provisions of paragraph 218 (f) of the Tariff Act of 1930, as modified by T.D. 51802 and T.D. 51898, as:

* * * articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, * * *

dutiable at 50¢ on each article or utensil, but not less than 30% nor more than 50% ad valorem. Appellant claims the merchandise in question to be properly dutiable as "* * * articles manufactured, in

whole or in part, not specially provided for * * *" under paragraph 1558 of the Tariff Act of 1930, as modified by T.D. 52739, assessable at 10% ad valorem.

The subject importation is identical to that before the Customs Court in *B. Shackman & Company et al.* v. *United States*, 38 Cust. Ct. 30, C.D. 1839. The record in that case has been incorporated herein. The merchandise was described in the *Shackman* case as "* * * articles in cube form containing water, certain figures, such as a 'snowman' etc., and a very fine white powdery substance, which, on shaking, shows the so-called paper weights as simulating a snow-storm." The Government admits that the paperweights are manufactured by the molding of polystyrene.

In the *Shackman* case, the Customs Court sustained the importer's claim that the merchandise there in issue was not classifiable under paragraph 218(f) by similitude, but was rather dutiable under paragraph 1558.

In the instant proceeding, the court below held that the *Shackman* decision was inapposite in view of the subsequent amendment to paragraph 1559 of the Tariff Act of 1930,[1] which paragraph sets forth the tests to be applied in the determination of classification by similitude. That paragraph is set forth below, so far as pertinent, as it existed on the date of entry of the merchandise at bar.

*Par. 1559, as amended.*

(a) Each and every imported article, not enumerated in this Act, which is *similar in the use to which it may be applied* to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it *most resembles in the particular before mentioned;* and *if any nonenumerated article equally resembles in that particular two or more enumerated articles* on which different rates of duty are chargeable, *it shall be subject to the rate of duty applicable to that one* of such two or more articles *which it most resembles in respect to the materials of which it is composed.* [Emphasis supplied.]

The Customs Court found that the limitation to classification by similitude in use alone, rather than by the broader test of similitude to any one of the characteristics of material, quality, texture, or use, which later test was embodied in the statute applicable to the *Shackman* importation, "* * * precludes adherence to the reasoning followed and the conclusion reached in the *B. Shackman & Company et al.* case, supra."

A review of the legislative intent embodied within paragraph 1559, as amended, should be helpful in considering this case. The paragraph requires the classification of nonenumerated articles by similitude under certain conditions. Obviously, this method of classification presupposes differences between the article in question and

---

[1] Public Law 768, Section 201, 68 Stat. 1137.

those enumerated in the particular paragraph to be invoked. This paragraph does have one principal requirement, i.e., the use of the article in question must most resemble the use to which the enumerated articles may be applied. Furthermore, if the nonenumerated article equally resembles two or more enumerated articles in that particular, then it shall be dutied by similitude to that enumerated article which it most resembles in respect to the materials of which it is composed. It is interesting at this point to note especially that the word "resemble" is employed in the paragraph rather than any word requiring that the use or material of the involved articles be identical. It also should be observed that in the consideration of the similitude clause an article is considered enumerated if it "* * * comes within a class made dutiable in general terms by the act, quite as certainly as if the article is made dutiable under an eo nomine designation." *United States* v. *Cochran*, 3 Ct. Cust. Appls. 57, T.D. 32349; *United States* v. *Wecolite Co.*, 45 CCPA 54, C.A.D. 672.

Appellee introduced in evidence a transparent blown glass paperweight as an illustrative exhibit which, when shaken, simulated a snowstorm similar to the scene produced by the same procedure in appellant's polystyrene paperweight. Although there is no question that the composition of these two articles is different, they do have the same use and they *resemble* each other in size, shape and material. They are both transparent. There is no doubt that the glass paperweight would be classified under paragraph 218 (f). Therefore, the only question that remains is whether the polystyrene paperweight which has the same use and resembles the material of the glass object, should be classified under paragraph 218 (f).

We are of the opinion that the merchandise at bar should be so classified unless the language of paragraph 218 (f) itself excludes articles that are not composed of a material that has been "blown or partly blown." We believe that this particular language is descriptive rather than exclusionary. Besides "blown" and "partly blown" glass objects, the paragraph includes "colored, cut, engraved, etched, frosted, gilded, ground * * *, painted, printed * * *, sandblasted, silvered, stained, or decorated or ornamented * * *" glass objects which may be blown or not. Some light has been shed upon this subject by the Court of Customs Appeals in *United States* v. *Blumenthal & Co.*, 13 Ct. Cust. Appls. 407, T.D. 41325, wherein the court stated, with reference to paragraph 218 of the Tariff Act of 1922, which paragraph was identical in relevant part to the provisions here in issue:

The insertion of the word "or" before the word "colored" by both houses permits of but one conclusion, and that is that Congress deliberately intended that there should be subjected to a duty of 55 per centum ad valorem not only all articles composed wholly or in chief value of glass or paste, blown or partly blown, but also all other articles wholly or in chief value of glass or paste if the glass

or paste thereof was cut, colored, or otherwise processed as specified in the fourth provision of paragraph 218. If there had been any legislative intention to limit that provision to articles wholly or in chief value of glass, blown or partly blown, that result could have been accomplished by simply providing for articles composed wholly or in chief value of glass or paste, blown or partly blown. On the other hand, if the provision was intended to reach articles of blown or partly blown glass when colored, cut or otherwise processed, the House bill was effective for that purpose and should have been passed by the Senate without amendment.

Here, the restriction "blown" relates to a procedure by which an article is prepared. It does not appear that materials formed by blowing would differ in physical properties from those materials prepared by molding operations, at least in so far as paperweights are concerned. Furthermore, paragraph 218(f) is not limited to "blown" articles, but contains a vast number of types of glass *described* as having been formed by a variety of procedures. We therefore do not believe that the reference to "blown" articles is exclusionary rather than descriptive.

Appellants urge that the decision in *Maher-App & Company* v. *United States*, 44 CCPA 22, C.A.D. 630, is controlling in this situation. In that case this court reversed a judgment sustaining the collector's classification of certain imported artificial teeth by similitude to porcelain articles which when broken show a vitrified fracture, where there was no claim that such a fracture was shown by the merchandise there in issue. Whereas it was there found that the reference to the type of fracture "* * * is a definite limitation on the materials which may be classified under the paragraph * * *," and was therefore exclusionary and precluded classification by similitude, we have here determined that many different types of glass are described in paragraph 218(f), without limitation as to process of preparation, and we have thus found that the reference to blown glass in the language of this paragraph is not exclusionary, and classification by similitude is proper. The *Maher-App* case is accordingly distinguishable. See *Seattle Marine & Fishing Supply Co., et al.* v. *United States*, 45 CCPA 93, C.A.D. 679.

No purpose would be served by discussing the decision of the lower court in *B. Shackman & Company et al.* v. *United States*, which record was incorporated herein. Even though the merchandise in that case was identical to that in the case at bar, the classification of the merchandise therein was made prior to amendment of section 1559, and furthermore, that case was not appealed to this court.

We hold that the importer has failed to show that the subject importation is excluded from classification by similitude to the articles provided for in paragraph 218(f) of the Tariff Act of 1930, and that accordingly the collector's classification under that paragraph should be sustained. We therefore *affirm* the judgment of the Customs Court.